UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - YOUNGSTOWN

| | |
|---|---|
| Tracy Jardine,<br><br>        Plaintiff,<br><br><br> -v.-<br><br>Total Loan Services, LLC;<br>Direct Capital Partners, LLC; and<br>Direct Capital Partners Florida, LLC,<br><br>        Defendant(s). | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tracy Jardine, (hereinafter, "Plaintiff"), an Ohio resident, brings this Complaint by and through her attorneys, Zukowsky Law LLC, against Defendants Total Loan Services, LLC ("Total Loan"), Direct Capital Partners, LLC ("Direct Capital"), and Direct Capital Partners Florida, LLC ("Direct Florida") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 (a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Ohio, County of Trumbull, residing at 6383 Shaffer Road NW, Warren, OH 44481.

8.     Defendant Total Loan is located at 205 Sugar Camp Circle, Dayton OH 45409.

9.     Defendant Direct Capital is also located at 205 Sugar Camp Circle, Dayton OH 45409.

10. Defendant Direct Florida is also located at 205 Sugar Camp Circle, Dayton OH 45409.

11. Defendants are each a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Upon information and belief, Defendants use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

13. Plaintiff repeats the above allegations as if set forth here.

14. On or before October 11, 2019, Defendants began collection activities on an alleged consumer debt from the Plaintiff.

15. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically a personal loan used to finance a car.

16. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. On or about October 11, 2019, Defendant Total Loan sent the Plaintiff an initial collection letter. A copy of this letter is **attached as Exhibit A**.

18. The letter states that there remains a $1,529.64 balance due on "Your Lendly Loan" and that the current creditor is Direct Capital Partners, LLC.

*Violation I – October 16, 2019 Letter*

19. On or about October 16, 2019, Defendant Direct Capital sent the Plaintiff a collection letter. A copy of this letter is **attached as Exhibit B**.

20. The letter states that "our full account balance is $1,529.64."

21. The letter further states that "your vehicle information has been released for repossession by our Repossession Department. Please contact our office today to prevent repossession of your vehicle and additional fees being applied to your account."

22. This letter is deceptive as it changes the company that is collecting this alleged debt from Total Loan to Direct Capital just a mere five days after the original collection letter was sent.

23. The second letter in the span of five days allegedly regarding the same debt but from a different debt collector is misleading as it is unclear to whom the Plaintiff should pay the outstanding balance.

24. The letter also improperly gives the impression that Plaintiff's vehicle will be imminently repossessed, which not only is a threat to coerce payment but completely overshadows the rights offered to Plaintiff to dispute the debt in the October 11 letter.

25. More importantly, the vehicle was not imminently repossessed, nor did Defendant intend to do so, therefore this was a threat made only to coerce payment from the consumer.

*Violation II – October 18, 2019 Letter*

26. On or about October 18, 2019, (two days later), Defendant Total Loan sent the Plaintiff a second collection letter. A copy of this letter is **attached as Exhibit C**.

27. In contrast to the October 11, 2019 letter, this letter provides a different balance of $1,579.45 remaining due.

28. It also states it is in regard to "Your loan obtained at a CashMax Store", apparently no longer referring to a loan from Lendly.

29. The letter admits that the October 11, 2019 letter had an incorrect balance listed, but gives no further explanation, and completely fails to address the October 16 letter sent by Defendant Direct Capital.

30. When considered with the October 11, 2019 letter each with different balances and seemingly referring to different loans, the letters are deceptive as they fail to clearly inform the consumer as to who the creditor is and how much is owed.

*Violation III – September 4, 2020 Letter*

31. On or about September 4, 2020, Defendant Direct Florida sent the Plaintiff a collection letter. A copy of this letter is **attached as Exhibit D**.

32. It is deceptive as the letter, for the third time without explanation given, changes the company that is collecting this alleged debt.

33. This letter is therefore misleading about the debt origins and to whom Plaintiff should pay the outstanding balance.

34. This letter provides yet a third, different balance of $3,262.60, with no explanation of why the alleged balance has increased.

35. The letter further states that "your vehicle information has been released for repossession by our Repossession Department. A repossession of your vehicle may result in additional fees being applied to your account."

36. The letter also improperly gives the impression that Plaintiff's vehicle will be imminently repossessed.

37. However, the vehicle was not imminently repossessed, nor did Defendant intend to do so, and the letter is therefore also false.

38. This letter also does not state, as required, that the communication is from a debt collector.

39. As a result of Defendant's deceptive, misleading, harassing, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats the above allegations as if set forth here.

41. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendants violated said section by:

   a. Falsely representing the amount of the debt in violation of § 1692e (2)(A);

   b. Deceptively changing the origin of the debt and which company is collecting the debt;

   c. Threatening to take an action (repossession) that is not intended to be taken in violation of 1692e (5); and

   d. Violating § 1692e (11) by failing to disclose that the communication is from a debt collector.

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

45. Plaintiff repeats the above allegations as if set forth here.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendant violated this section by

    a. Collecting an amount that is not expressly authorized by the agreement creating the debt or by law in violation of § 1692f (1); and

    b. Unfairly changing the company that is attempting to collect the alleged debt; and

    c. Unfairly changing the origins of the debt.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

50. Plaintiff repeats the above allegations as if set forth here.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Defendant violated this section by

    a. Providing the incorrect amount for the debt in violation of § 1692g (a)(1); and

    b. failing to provide the notices required by § 1692g (a).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

54. Plaintiff repeats the above allegations as if set forth here.

55. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

56. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. Defendants violated said section by threatening to repossess the consumer's vehicle.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tracy Jardine demands judgment from Defendants Total Loan Services, LLC, Direct Capital Partners, LLC, and Direct Capital Partners Florida, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: September 24, 2020                                  Respectfully Submitted,

/s/ Amichai Zukowsky
By: Amichai Zukowsky
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
(216) 800-5529
ami@zukowskylaw.com

*Attorneys for Plaintiff*